Howelti, J.
Plaintiff alleges that on 17th March, 1865, she pledged-to B. Robbins, then alive, certain jewelry worth $5,000, for the payment *570 of a note of same date for $2,200, due at three months; that after maturity payments to the amount of $750 were made thereon; that she is anxious to pay the balance of $1,450, still due on said note, upon its presentation and the delivery of said jewelry; and she prays that tho executors of the deceased be ordered to deliver to her the jewelry or pay *xts value, subject to a deduction of $1,450, balance due on the note. A general denial was filed, and judgment rendered in favor of plaintiff for $800, reserving her right to sue for any usurious interest she may have paid; from which the executors have appealed, and the plaintiff has asked that the judgment be amended by allowing her $4,132.
It appears that she borrowed $2,000 and gave her note for $2,200, a three months, secured by the pledge of said jewelry, and during a period of fifteen months after maturity payments were made amounting to $990 on the note, which tho judge a quo, on the testimony of one of the executors then acting as the agent of the holder of the note, considered paid as interest, which, under the pleadings, he could not order to be returned. The pleadings are indefinite,' but the statement of this agent that he imputed the payments to the interest does not prove a payment of, or an agreement to pay, usurious interest on the part of the plaintiff, nor establish the imputation to be legal and binding.
Where there is interest due, the debtor cannot, without the consent of the creditor, impute to the reduction of the principal any payment he may make; and where there is no imputation made brtiueen the parties, the payment must be imputed to the debt which the debtor had at tho time most interest in discharging. C. C. 2160, 2162. Where no interest is stipulated, as in this case, the highest rate is five per cent., and any surplus of the payment made over the interest due at the time, must, in the absence of special agreement, be imputed to the principal. When the payments were made, in this matter, the amount of interest accrued was comparatively insignificant. But as plaintiff claims the benefit of $750, and. the excess, of the payments proven over this sum, will moro than extinguish any legal interest due up to the institution of this suit, we will adopt this sum as the credit to be allowed. We will not presume a usurious contract.
The evidence as to the value of the jewelry is conflicting; but under the circumstances, this Court is of opinion the highest price which the testimony reasonably sustains, should, be adopted.
Ifthevalue .be deemed high, the defendants will have the option of returning the jewelry, instead of paying such value.
There is proof that the plaintiff, at one time, obtained some $4,000 or $5,000 worth of goods on this jewelry from a prominent merchant of 'tliis city, who is supposed to understand his own interests, and who received the jew'elry as then worth $5,000 or $6,000. We therefore think, under the pleadings and evidence, judgment should have been rendered in favor of. plaintiff for the delivery of the jewelry and note, upon her tendering the sum of $1,450, acknowledged by her to be due on the note, and on default ,,of such delivery, the value of the jewelry, say $5,000, less the sum of $1,450, be paid to her in due course of the administration of the succession.
It is therefore ordered that the judgment appealed from be amended *571 and affirmed to read as follows: It is decreed that the judgment in favor of plaintiff ordering the defendants to deliver all the jewelry and the note described in tho petition, to plaintiff upon her tendering to them the sum of $1,450, due on said note, and upon their failure to make such delivery, the value of said jewelry, say $5,000, less $1,450, due on the note, be paid to plaintiff, in due course of the administration of the succession of Bianca Robbins; costs in both courts to be paid by said succession.